

**U.S. Department of Justice**
*Karin J. Immergut*
*United States Attorney*
*District of Oregon*
*701 High Street*            *(541) 465-6771*
*Eugene, OR  97401*          *Fax: (541) 465-6840*

April 3, 2006  FILED'06 APR 03 11:05USDC-ORE

Mr. Marc Spence
Spence & Sabbitt
160 E. Broadway, Suite 200
Eugene, Oregon 97401

    Re:   <u>**United States v. Broney Gadman**</u>; **CR 03-60105-HO**
           **Plea Offer**

Dear Marc:

    The following represents the terms of the government's plea offer to your client, Broney Gadman.

<u>The Charges</u>

    1)    Defendant Gadman will plead guilty to Count Two of the Indictment, charging him with wire fraud, in violation of 18 U.S.C. §1343. This offense is punishable by up to twenty years in prison, a $250,000 fine and a three year period of supervised release. The elements of wire fraud, as they pertain to this case, are:

        a)    There was a material scheme to defraud or plan to obtain money or property through materially false promises, statements, or omissions of fact;

        b)    The defendant knew the statements or promises were false;

        c)    The statements or promises reasonably influenced a person to part with their money or property;

        d)    The defendant acted with the intent to defraud; and

        e)    The defendant used, or caused to be used, an interstate wire communication to carry out an essential part of the scheme.

    We agree that the government can prove beyond a reasonable doubt each of the elements of this offense in Count Two of the Indictment.

<u>Joint Statement of Facts & Understanding</u>

    2)    Defendant Gadman and the United States have executed a "Statement of Facts

45

Mr. Marc Spence
April 3, 2006
Re: United States vs. Broney Gadman
Page 2


& Understanding" as part of this case, which is incorporated into this agreement and shall be used as part of the plea. That document contains the facts necessary for the plea, and contains matters pertaining to the expected future conduct of the parties and to the anticipated sentence.

### The Sentencing Agreements are Not Binding on the Court

3)   The plea in this case will be governed by Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). Defendant Gadman understands that the agreements herein, as pertaining to sentencing, are not binding on the Court. Rather, they are mutual recommendations made to the Court. Defendant Gadman further understands that he may not withdraw his guilty plea if the Court rejects any of the sentencing recommendations or agreements made in this agreement.

### Sentencing Factors

4)   We anticipate that sentencing will be governed by the 2005 edition of the United States Sentencing Guidelines ("the Guidelines"). Due to the uncertainty in determining the loss at this time, the parties agree that the loss is presently not ascertainable. The parties expect the loss to be determined by the time of sentencing.

### Restitution

5)   Defendant Gadman agrees, pursuant to 18 U.S.C. §3664(d)(3) (The Mandatory Victims Restitution Act or MVRA), to prepare and file with the probation officer an affidavit fully describing his financial resources, including a complete listing of all assets he owns or controls, all of his dependents' financial needs and earning abilities, and other information that the court requires relating to such other factors as the court deems appropriate. It is anticipated that defendant Gadman will pay $125,000 to victim Cagan as restitution.

### Acceptance of Responsibility

6)   If defendant Gadman pleads guilty, and fully complies with the MVRA and the terms of the Statement of Facts and Understanding, the government will recommend a downward adjustment for his acceptance of responsibility. Should defendant Gadman engage in conduct inconsistent with acceptance of responsibility after the plea, the government reserves the right to oppose the downward adjustment.

Mr. Marc Spence
April 3, 2006
Re: United States vs. Broney Gadman
Page 3

### No Other Sentencing Enhancements or Decreases to be Sought

7) The government will not seek an upward departure or any upward sentencing adjustments not mentioned in this offer. Defendant Gadman will not seek any downward departures or any downward sentencing adjustments not mentioned in this offer.

### Sentencing Factors

8) The parties agree that consistent with United States v. Booker, 543 U.S. 220 (2005), the Court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines (USSG). The Court will then determine a reasonable sentence after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. § 3553(a).

### Delayed Acceptance of Guilty Plea & Joint Sentencing Recommendation

9) Since the loss and advanced restitution payments will not be finally determined and paid until after the plea, the parties jointly recommend that this Court defer its acceptance of the guilty plea until after the presentence report has been prepared and reviewed. See Fed. R. Crim. P. 11(c)(3)(A). The parties acknowledge and understand that, in the event his guilty plea is not accepted or is later withdrawn, statements made by defendant Gadman in the course of the change of plea proceeding are not admissible against him in any civil or criminal proceeding, except as set forth in Federal Rule of Evidence 410. See Fed. R. Crim. P. 11(f).

10) If defendant Gadman acts consistently with the terms of this agreement, including the Joint Statement of Facts and Understanding, the government and defendant Gadman will jointly recommend that he be sentenced to a five year term of probation. As part of the terms of his probation, defendant Gadman agrees to pay victim Robert Cagan's taxes, penalties and surcharges owed as the result of the sale of his ownership in the New York Bagel Company. If defendant Gadman fails to satisfy the agreements he made in the Statement of Facts and Understanding, then the government will request that he be sentenced to a term of imprisonment.

### Information to be Provided to U.S. Probation

11) Defendant Gadman understands that, as part of the preparation of a presentence report and for the sentencing hearing, the U.S. Attorneys Office will provide the

Mr. Marc Spence
April 3, 2006
Re: United States vs. Broney Gadman
Page 4

U.S. Probation Office all of the information collected during the investigation in this case, and meet with representatives of that office to discuss the case. Defendant Gadman also understands and agrees that the victim of his offense may provide information to the court or probation office, to include providing testimony at the sentencing hearing or the submission of victim impact statements supplied to them by probation or the U.S. Attorney's Office. Specifically, the parties understand that Robert Cagan will be provided the opportunity to address the Court prior to sentencing.

Remaining Charges to be Dismissed

12) If defendant Gadman pleads guilty and is sentenced in a manner consistent with this offer, the government will move to dismiss Count One at sentencing.

Very truly yours,

KARIN J. IMMERGUT
United States Attorney

CHRISTOPHER L. CARDANI
Assistant U.S. Attorney

cc:   Gary Lorin, FBI

I, BRONEY GADMAN, HAVE CAREFULLY READ THIS AGREEMENT AND THE JOINT STATEMENT OF UNDERSTANDING, AND REVIEWED EVERY PART OF THEM WITH MY ATTORNEY. I UNDERSTAND THE TERMS AND VOLUNTARILY AGREE TO EVERY TERM.

DATE: 4-3-06

BRONEY GADMAN, Defendant

DATE: 4/3/06

MARC SPENCE, Attorney for Broney Gadman