IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR 03-60105-01-HO |
| | ) | |
| vs. | ) | SENTENCING MEMORANDUM |
| | ) | AND MOTION TO POSTPONE |
| BRONEY GADMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Since the last appearance before the Court, Mr. Gadman has diligently continued the efforts at resolving the United Kingdom tax liability. Submitted as exhibits are:

1) A July 18, 2008 letter from Graeme Patrick, chartered accountant, to Mr. Grooms at Inland Revenue;

2) An August 7, 2008 letter from Mr. Grooms;

3) An August 17, 2008 letter from Mr. Patrick to Mr. Gadman;

4) An August 20, 2008 letter from Mr. Patrick to Mr. Gadman and;

5) An email from Chris Saul, lead legal counsel, to Mr. Gadman.

Under separate cover, Exhibit 6 is a July 18, 2008 with multiple attachments from Mr. Patrick to Mr. Gadman. Additionally, Mr. Gadman wanted to directly address the Court on these matters, and his letter is submitted as Exhibit 7.

Mr. Saul's email of August 20, 2008 says in relevant part "It has become clear from [Graeme Patrick's] investigations and the further financial information obtained from Companies Registry that the original tax return made by Mr. Cagan was inaccurate and, amongst other things, gave a misleading value for the New York Bagel Company Limited

Page 1 of 4

shares… The apparent error in the return means that no capital gain would be payable from the disposal of the shares by Mr. Cagan."

The above position has been advanced to Inland Revenue. Since Mr. Patrick's entry into the case earlier this summer, Inland Revenue has suspended collection actions until investigation of his submissions.

At this Juncture, Mr. Gadman has:

1) Posted $125,000.00 in trust as the agreed upon restitution;

2) Submitted $500,000.00 to the Court in non-revocable escrow; and

3) Continued to retain two well established firms in the U.K. to resolve those matters: Harvey Ingram LLP (Mr. Saul) and BrownButler Chartered Accountants (Mr. Patrick) at his expense.

Mr. Gadman has been and continues to be in compliance with his obligations under the plea agreement. Collection efforts in the U.K. are suspended. Substantial assets have been posted by Mr. Gadman. Neither the Government nor Mr. Cagan are being prejudiced by the length of this process. Of the approximately, $89,000.00 left of direct restitution remaining due to Mr. Cagan, approximately $75,000.00 is spoken for in the form of American tax liens and state garnishments against Mr. Cagan.

## I.    REQUEST TO POSTPONE

Mr. Gadman has pursued his part of the plea deal. He has had Harvey Ingram under retainer throughout this process in the United Kingdom. He has retained Mr. Patrick of the BrownButler firm for tax accounting services. Communication with Inland Revenue continues. Because any reasonably likely tax liability is secured by the $500,000.00 posted, and because collections are suspended in the United Kingdom pending resolution of that process, this matter

should be continued to allow the United Kingdom tax process to finish. Mr. Gadman moves to postpone these sentencing proceedings.

## II.    RESPONSE TO GOVERNMENT RECOMMENDATIONS

Mr. Gadman is in compliance. Under the terms of the plea, the Government and the Defense agreed to probation if Mr. Gadman performed. He has. Regardless of whether this matter proceeds at this time, Mr. Gadman has fulfilled his duties under the agreement.

It bears repeating that despite his many assertions to the contrary, Mr. Cagan has not suffered a loss. The victim, if any, in this proceeding is the United Kingdom. They have suspended collection efforts of their alleged loss. They are communicating with Mr. Gadman's representatives over his challenge to the tax liability. The tax liability has been secured by $500,000.00 which obviously far exceeds Mr. Saul and Mr. Patrick's evaluation of the correct United Kingdom liability.

If the matter proceeds on August 26, 2008, Mr. Gadman should receive probation as contemplated by the plea.

## III.    RESTITUTION

The moneys held by the Court far outmatch the likely tax liability Mr. Gadman's representatives forecast in the United Kingdom. As the Court can see from Mr. Gadman's letter (Exhibit 7), he would like a portion of these moneys returned to him. Absent that, no moneys should be disbursed until collection efforts are reinstated in the United Kingdom and the tax question is settled.

## CONCLUSION

Mr. Gadman moves to postpone. Mr. Gadman should receive probation if the matter

goes forward.  Moneys should not be disbursed until the United Kingdom tax liability is settled.

No party is prejudiced by these positions.

    Respectfully submitted this 22nd day of August, 2008.

                                          __/s/Marc A. Spence_____
                                          Marc A. Spence, OSB#87349
                                          Attorney for Defendant