Marc Spence, OSB#87349
Attorney at Law
747 Willamette Street
Eugene, OR 97401
(541) 343-9909

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. CR 03-60105-01-HO |
| ) | |
| vs. ) | EXHIBITS 1 THROUGH 5 |
| ) | SENTENCING MEMORANDUM |
| BRONEY GADMAN, ) | AND MOTION TO POSTPONE |
| ) | |
| Defendant. ) | |

COMES NOW Defendant, and submits Exhibits 1 through 5, attached hereto, to accompany Defendant's Sentencing Memorandum and Motion to Postpone.

//

//

//

//

//

DATED THIS 22 day of August, 2008.

_____
Marc A. Spence, OSB#87349

SPENCE & SABITT
ATTORNEYS AT LAW, LLP

747 Willamette St.
Eugene, OR 97401

541-343-9909
Fax 343-0014

Your Reference: 570/1646060303/TECH/MEG

Our Ref: QP/B1010

Date: 18th July 2006



Mr M Grooms
H M Revenue & Customs
Local Compliance Individuals & Public Bodies
Eastbrook
Shaftesbury Road
Cambridge
CB2 8DJ

Dear Mr Grooms,

**M R Cagan**

Thank you for your letter of 9 July 2006. I would comment as follows.

1. I regret that I am unable to reconcile Mr Cagan's disposal with the completion statement supplied by Harvey Ingram. This was the reason I approached the purchasing company for details of the monies paid for the shares

2. I understand from Mr Gadman that the monies were transferred to the UK attorneys and would not appear on Mr Cagan's bank statements.

3. The 50% taper relief was on the basis that Mr Cagan had been an employee of the company for three years. In our discussion of 14 July 2006 you expressed doubt over the duration of the employment. I therefore enclose a copy of the information lodged at Companies House, which shows he was a director between 20 July 1999 and 7 September 2001. I have not yet checked to see if he was an employee before 20 July 1999

As you also indicated that you would be referring the matter to Shares Valuation for an acquisition value, I enclose copies of the company accounts covering the period March 1997 to December 2001 together with a summary of the position.

Between April 1998 and September 2001 it appears that the company:

    a. Moved from an operating profit of £169910 to an operating loss of £530672

    b. Moved from a profit before taxation of £108,194 to a loss before taxation of £760,841

    c. The capital & reserves fell from a surplus of £783,395 to a deficit of £552,923



In view of the above, it is highly likely that Shares Valuation will value the shares higher on acquisition than disposal and consequently there will be no capital gain. If this is the case then the question of taper relief will become irrelevant and I would be asking you to accept a nil gain nil loss position.

As a consequence of recent developments, I feel that I can no longer recommend the proposals contained in my letter of 18 June 2006.

**Exhibit 1**

Should you wish to discuss any aspect of this letter, please feel free to telephone

(5)

Yours sincerely,

G Patrick
Director of Tax Investigation and Support Services.

Exhibit ___1___ Page ___2___

(1)

**New York Bagel Company Limited**

|  | 12 Months Ended 27/03/1998 | 12 months Ended 26/03/1999 | 12 Months Ended 31/03/2000 | Restated 12 Months Ended 31/03/2000 | 12 Months Ended 30/03/2001 | 9 Months Ended 28/12/2001 |
|---|---|---|---|---|---|---|
| Turnover | 8972916 | 10146749 | 7338536 | 7176838 | 9171672 | 5505059 |
| Gross profit | 2197563 | 2633796 | 2309839 | 1736130 | 2298233 | 1260421 |
| Operating Profit | 168910 | 29658 | -75861 | -109274 | -150533 | -530572 |
| Profit Before Taxation | 108194 | -77935 | -163349 | -239785 | -285794 | -780841 |
| Retained Loss For year | -4693 | -125082 | -215637 | -248950 | -388082 | -720057 |
| Capital & Reserves | 763995 | 711201 | 547852 | 413712 | 127918 | -552923 |

Exhibit ___1___ Page ___3___



# HM Revenue & Customs

Local Compliance
Default
Eastbrook
Shaftesbury Road
Cambridge
CB2 8DJ

Brown Butler
Apsley House
78 Wellington Street
Leeds
LS1 2JT

1 2 AUG 2008

Tel 01223 442506
Mon to Fri 8.30 to 17.00

③

Fax 01223 442471

Email 01223 442471

Date 7 August 2008
Our ref 570/1648080303/TECH/MEG
Your ref GP/B1010

www.hmrc.gov.uk

Dear Mr Patrick

**M R Cagan**

Thank you for your letter dated 18 July 2008.

I referred your comments regarding the valuation of Mr Cagan's shares in the New York Bagel Co Ltd to my colleagues at Shares Valuation Division. I will let you know their opinion on the matter in due course.

I have revisited Mr Cagan's letter dated 15 February 2006 to Mr Wharvell and note that it indicates that Mr Gadman put conditions on his offer in 1998, to give 10% of the stock in the New York Bagel Co Ltd to Mr Cagan. Please let me have full details of the oral agreement reached between Mr Cagan and Mr Gadman along with copies of any documentation held to support what was orally agreed.



The company accounts that you forwarded indicate that Mr Cagan's loan account was overdrawn during 2001/2002 and that no interest was charged by the company. Please let me have your calculation of the benefit arising.

Yours sincerely

M. C. Grooms

Mark Grooms
HM Inspector of Taxes

Information is available in large print, audio and Braille formats.
Type Talk service prefix number – 18001

Assistant Director (PTC): Ted Hitchcock

08-20-2008 10:20 6317321180

**Exhibit 2**

Our Ref: GP/B1010

Date: 14th August 2008



**BrownButler**
Chartered

Mr B Gadman
98 Pineview LN
Coram
New York
11727 – 5113
USA

Dear Mr Gadman,

Further to our recent telephone conversation where you asked for my opinion on a number of matters, I would comment as follows:

<u>H M Revenue & Customs Letter of 7 August 2008</u>
In the final paragraph of the Revenue's letter, the Inspector is asking about the benefit on an overdrawn loan account. As the only benefits declared by Mr Cagan's on his tax return are for living accommodation and a company car, I suspect that the Inspector believes that Mr Cagan may not have made a full return of all his assessable employment income.

<u>Shares Valuation</u>
It is my opinion that the accounts show the performance and hence the value of the New York Bagel Co. Limited fell dramatically during Mr Cagan's period of stewardship. Consequently I am maintaining that there is no capital gain on the disposal of the shares by Mr Cagan.

If you wish to discuss any aspect of this letter, please feel free to telephone.

Yours sincerely,

G Patrick
Director of Tax Investigation and Support Services.

**Exhibit 3**

Apsley House  78 Wellington Street  Leeds  LS1 2JT
Tel: 0113 246 1234  Fax: 0113 242 3714  Email: info@brownbutler.com  Website: www.brownbutler.com
PARTNERS  R M Sulyok BA (Hons) FCA ATII   J W Brear ACA   D Cross FCA   M M Dearnley CCA   S J Hornshaw ACA   J R White MA (Hons) ACA
Consultants:  I R Gurney FCA   D W Hobday BS  FCA CF
Registered to carry on audit work and regulated for a range of investment business activities by the Institute of Chartered Accountants in England and Wales




Our Ref: GP/B1010

Date: 20th August 2008

**BrownButler**
Chartered Accountants

Mr B Gadman
98 Pineview LN
Coram
New York
11727 – 5113
USA

Dear Mr Gadman,

Further to our telephone conversation this afternoon, I enclose for your information:

1. A copy of the Revenue's letter of 9 July 2008.

2. A copy of my response of 16 July 2008.

3. A copy of the Revenue's letter of 7 August 2008.

My submission is that:

1. You promised Mr Cagan 10% of the equity of the company when you were both resident in the USA and prior to him taking up the position.

2. Section 28 CGTA 1992 makes it clear that the acquisition takes place at the time the contract is made. I reproduce the appropriate section below:

    **S28: Time of disposal and acquisition where asset disposed of under contract**

    (1) Subject to section 22(2), and subsection (2) below, where an asset is disposed of and acquired under a contract the time at which the disposal and acquisition is made is the time the contract is made (and not, if different, the time at which the asset is conveyed or transferred).

    (2) If the contract is conditional (and in particular if it is conditional on the exercise of an option) the time at which the disposal and acquisition is made is the time when the condition is satisfied.

    Therefore the shares had a value at the time of the agreement.

3. The accounts of the New York Bagel Company Limited, which are a matter of public record, show a decline in the value of the Company during Mr Cagan's period of stewardship and therefore the shares must have been worth less on disposal.

4. Consequently the argument to H M Revenue & Customs is that there was no capital gain on the disposal of the shares by Mr Cagan.

Apsley House  78 Wellington Street  Leeds  LS1 2JT
Tel: 0113 246 1234  Fax: 0113 242 3714  Email: info@brownbutler.com  Website: www.brownbutler.com
PARTNERS: R M Sonyein BA (Hons) FCA ATII  J H Breer ACA  D Creek FCA  M M Dearnley FCCA  B J Hornshaw ACA  J R White MA (Hons) ACA
Consultants:  T P Gurney FCA   D W Hobday BSc FCA CF
Registered to carry on audit work and regulated for a range of investment business activities by the Institute of Chartered Accountants in England and Wales
An independent member of DFK International, a worldwide association of independent accounting firms

08-20-2008  10:19    6317321180

**Exhibit 4**

 

5. Finally, the final paragraph of the Revenue's letter of 7 August 2008 is now challenging the accuracy of Mr Cagan's return. If it is established that Mr Cagan has not made a full return of all his income the Inspector is likely to find that he has been negligent and this may hinder the resolution of the matter.

If you wish to discuss any aspect of this letter, please feel free to telephone.

Yours sincerely,

G Patrick
Director of Tax Investigation and Support Services

Exhibit 4 Page 2

| | |
|---|---|
| Subject | Cagan - tax assessment |
| From | Chris Saul <Chris.Saul@HarveyIngram.com> |
| Date | Wednesday, August 20, 2008 1:05 pm |
| To | lizbroney@optonline.net |



Broney

I refer once again to the above matter and, as you are aware, over the past few months I have been assisted in the resolution of the dispute by Graeme Patrick, director of Tax Investigation and Support Services at a highly reputable firm of Chartered Accountants based in Leeds, England.

Graeme was chosen as he had spent a large part of his career, over 25 years, working within the Inland Revenue with a good deal of that time spent as an Inspector of Taxes. Graeme's expertise is proving to be invaluable with regard to the communications with the Revenue and he has been able to assess all information and evidence that has been made available to him in respect of Mr Cagan's tax assessment.

It has become clear from Graeme's investigations and the further financial information obtained from Companies Registry that the original tax return made by Mr Cagan was inaccurate and, amongst other things, gave a misleading value for the New York Bagel Co Limited shares which is believed to be much lower than that set out in the tax return. The apparent error in the return means that no capital gain would be payable from the disposal of the shares by Mr Cagan.

Other apparent errors in the tax return have been raised by the Revenue which may be relevant to Mr Cagan's tax liability and Graeme will continue to press for there being no liability at all under the original assessment

No doubt these are issues you will wish to raise with the US Court and, as always, I am available to speak to Judge Hogan directly if clarification is required on any of the above points.

Regards

Chris Saul
Partner
Dispute Resolution Team
Harvey Ingram LLP

T: +44 (0) 116 254 5454
F: +44 (0) 116 255 3338
E: chris.saul@harveyingram.com
W: www.harveyingram.com

CONFIDENTIALITY NOTICE

This email is intended only for the addressee and may contain information which is privileged and/or confidential. If you are not the intended recipient, please note that the copying, dissemination or other use of, or the taking of any action in reliance upon, contents of the email is prohibited and unlawful. If you have received this email in error, please contact the sender and delete the material from any computer.

**Exhibit 5**

Our Ref: GP/B1010

Date: 14th August 2008





BrownButler
Chartered

Mr B Gadman
98 Pineview LN
Coram
New York
11727 – 5113
USA

Dear Mr Gadman,

Further to our recent telephone conversation where you asked for my opinion on a number of matters, I would comment as follows:


### H M Revenue & Customs Letter of 7 August 2008
In the final paragraph of the Revenue's letter, the Inspector is asking about the benefit on an overdrawn loan account. As the only benefits declared by Mr Cagan's on his tax return are for living accommodation and a company car, I suspect that the Inspector believes that Mr Cagan may not have made a full return of all his assessable employment income.


### Shares Valuation
It is my opinion that the accounts show the performance and hence the value of the New York Bagel Co. Limited fell dramatically during Mr Cagan's period of stewardship. Consequently I am maintaining that there is no capital gain on the disposal of the shares by Mr Cagan.

If you wish to discuss any aspect of this letter, please feel free to telephone.

Yours sincerely,

G Patrick
Director of Tax Investigation and Support Services.

Exhibit 5 Page 2

Apsley House 78 Wellington Street Leeds LS1 2JT
Tel: 0113 246 1234  Fax: 0113 242 3714  Email: info@brownbutler.com  Website: www.brownbutler.com

PARTNERS: R M Solvon BA (Hons) FCA ATII   J A Grose ACA   D Cross FCA   M M Dearnley FCCA   B J Hornshaw ACA   J R White MA (Hons) ACA
Consultants: T H Gurney FCA   D W Honney BSc FCA CF

Registered to carry on audit work and regulated for a range of investment business activities by the Institute of Chartered Accountants in England and Wales
An independent member of DFK International, a worldwide association of independent accounting firms

## CERTIFICATE OF SERVICE

I certify that on 22 August 2008, I served a certified true copy of the foregoing EXHIBIT 1 THROUGH 5 SENTENCING MEMORANDUM AND MOTION TO POSTPONE on the following:

Chris Cardani
U.S. Attorneys Office
701 High Street
Eugene, OR 97401


[ X ]   by delivering said copy to the recipient,

[   ]   by U.S. Mail,

[   ]   by Certified U.S. Mail,

[   ]   by placing in recipient's box at the Court House

Marc A. Spence, OSB# 87349